UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN and DEANN BLAUSY,                                                                   No. 06-10826

                       Debtor(s).
_____/

Memorandum re Inclusion of Disability Payments in Current Monthly Income
_____

      Debtor Deann Blausey was a court reporter before she became disabled. She receives about $4,000.00 per month in disability payments from an insurance company on account of a disability insurance policy which she had purchased before becoming disabled.

      The United States Trustee has moved to dismiss this Chapter 7 case pursuant to § 707(b)(2) of the Bankruptcy Code on grounds that the Blausey's current monthly income results in a presumption of abuse. The Blauseys respond by arguing that the disability payments from the insurance company are not counted in determining current monthly income and without adding in these payments there is no presumption of abuse.

      "Current monthly income" is defined in § 101(10A) of the Code. The section itself has two subsections, (A) and (B). Section 101(10A)(A) provides that current monthly income is the average monthly income from all sources that the debtor receives without regard to whether such income is taxable income. Section 101(10A)(B) adds that the term also includes any amount paid by any entity other than the debtor on a regular basis for household expenses.

      The Blauseys argue that disability payments are not income under the Internal Revenue Code, so they

1

are not counted as income. The court disagrees with this analysis, and finds that the disability insurance payments are counted under both § 101(10A)(A) and § 101(10A)(B).

Congress intended that payments from some nontraditional sources be included in § 101(10A)(A). *In re Luton*, --- B.R. ----, 2007 WL 756373 (Bkrtcy.W.D.Ark.,2007). By using the words "all sources" and "without regard to whether such income is taxable income," the court believes that Congress intended an expansive definition of income unrestricted by the IRS Code. Accordingly, the court adopts the simplest and most expansive definition of income, which (from the Random House College Dictionary) is "receipts."

Moreover, the disability payments are amounts paid by an entity other than the debtor on a regular basis for household expenses. They are therefore included in "current monthly income" by § 101(10A)(B) even if a less-expansive definition is adopted under § 101(10A)(A).

If both sided agree in writing that this decision is disposes of the U.S. Trustee's motion, then the U.S. Trustee shall submit a form of order granting her motion and dismissing the case. If the parties do no so stipulate, they shall promptly restore the matter to the court's calendar for further proceedings.

Dated: April 30, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge